IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES MICHEAL ROBINSON,

    Petitioner,                    No. CIV S-05-2489 LKK JFM P

    vs.

WARDEN EVANS,

    Respondent.                 <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant action on or about December 8, 2005. By order filed February 2, 2006, petitioner was ordered to file an in forma pauperis affidavit and/or pay the appropriate filing fee of $5.00 for this habeas corpus action within thirty days and was cautioned that failure to do so would result in a recommendation that this action be dismissed. The thirty day period has now expired, and petitioner has neither paid the filing fee nor filed an application to proceed in forma pauperis.

        On February 22, 2006, petitioner filed a letter to the Clerk of the Court. Therein, petitioner asserts that "he filed the exact petition in the state court at the same time" that he filed the instant petition. Petitioner also asserts that he has discovered additional unexhausted claims that he may seek to pursue in federal habeas corpus. Petitioner asks to "withdraw his petition in

1

1  this court . . . until such time that he may appropriately and procedurally re-submit without being
2  subjected to abuse of writ or successive petition doctrines."

3         It is unclear from petitioner's letter and the record in this action whether any of
4  the claims raised in the petition filed December 8, 2005 have been exhausted in the California
5  Supreme Court.  If none of the claims have been exhausted, the instant action must be dismissed.
6  See Rose v. Lundy, 455 U.S. 509 (1982).

7         The court cannot, at this juncture, make any findings with respect to the timeliness
8  of a future federal court habeas petition.  As noted above, if petitioner has not exhausted any
9  federal claims in the California Supreme Court, this action must be dismissed.  If petitioner has
10 exhausted some of his federal claims in the California Supreme Court, he may file an amended
11 petition raising only exhausted claims and a motion to stay these proceedings pending exhaustion
12 of state court remedies as to other claims for relief. Good cause appearing, petitioner will be
13 granted thirty days from the date of this order to file either a request for voluntary dismissal of
14 this action without prejudice, or a motion to stay these proceedings and, as appropriate, an
15 amended petition raising only fully exhausted claims.  Any response to this order must be
16 accompanied by either payment of the filing fee for this action or an application to proceed in
17 forma pauperis.

18         In accordance with the above, IT IS HEREBY ORDERED that:

19         1. Petitioner is granted thirty days from the date of this order in which to file
20 either a motion for voluntary dismissal of this action or a motion to stay these proceedings and,
21 as appropriate, an amended petition raising only fully exhausted claims.

22         2. Any response to this order must be accompanied by either payment of the
23 filing fee for this action or an application to proceed in forma pauperis.

24 /////
25 /////
26 /////

3. Failure to respond to this order will result in a recommendation that this action be dismissed.

DATED: April 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
robi2489.opt