IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES MICHAEL ROBINSON,

    Petitioner,                      No. CIV S-05-2489 LKK JFM P

    vs.

WARDEN EVANS,

    Respondent.                   <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant action on or about December 8, 2005. By order filed April 26, 2006, petitioner was granted thirty days in which to file either a motion for voluntary dismissal of this action or a motion to stay these proceedings and, as appropriate, an amended petition raising only fully exhausted claims, together with either payment of the filing fee for this action or an application to proceed in forma pauperis. On June 8, 2006, petitioner filed a motion for voluntary dismissal, and on June 26, 2006, petitioner filed a motion to proceed in forma pauperis.[1]

---

[1] On June 14, 2006, this court issued findings and recommendations recommending dismissal of this action for failure to comply with the April 26, 2006 order. Good cause appearing, the findings and recommendations will be vacated.

1

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner seeks voluntary dismissal pending exhaustion of state court remedies.[2] Good cause appearing, petitioner's motion will be granted. See Fed. R. Civ. P. 41(a); Rule 11, 28 U.S.C. foll. § 2254.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 14, 2006 are vacated;

2. Petitioner's June 26, 2006 motion to proceed in forma pauperis is granted;

3. Petitioner's June 8, 2006 motion to voluntarily dismiss is granted; and

4. This action is dismissed without prejudice. See Fed. R. Civ. P. 41(a); Rule 11, 28 U.S.C. foll. § 2254.

DATED: November 30, 2006.

UNITED STATES MAGISTRATE JUDGE

12
robi2489.159

---

[2] It appears from the record herein that petitioner filed a habeas corpus petition in state court at the same time that he filed the instant action. (See Order filed April 26, 2006; see also Letter filed February 22, 2006.)

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).